# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DT INTERPRETING t/d/b/a DEAF TALK and )<br>DAVID STAUFFER, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 15-280<br><br>Judge Cathy Bissoon |

## MEMORANDUM AND ORDER

For the reasons that follow, Defendant David Stauffer's Motion to Dismiss (Doc. 23) will be granted in part and denied in part.

Plaintiff filed this action against her former employer, DT Interpreting, and her former supervisor, Stauffer, asserting violations of Title VII, the Pennsylvania Human Relations Act ("PHRA"), and intentional infliction of emotional distress. Plaintiff alleges that Stauffer repeatedly and pervasively subjected her to sexual harassment in the workplace and ultimately terminated her employment when she objected.

As noted by Stauffer, it is axiomatic that "individual employees cannot be held liable under Title VII." Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d Cir. 1996) (collecting cases). Plaintiff concedes this point in her Brief in Opposition. (Doc. 25 at 2 n. 1). Consequently, Plaintiff's Title VII claim against Stauffer will be dismissed with prejudice.

Stauffer next requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss him from this action entirely. However, there is no question that the Court has an independent basis for the exercise of federal jurisdiction with respect to Stauffer's co-defendant, DT Interpreting. Thus, the Court may also exercise

supplemental jurisdiction over any state law claims that "share a common nucleus of operative fact" with those federal claims. De Asencio v. Tyson Foods, 342 F.3d 301, 308 (3d Cir. 2003); 28 U.S.C. § 1367(a). A careful review of the Amended Complaint demonstrates that Plaintiff's state law claims against Stauffer are based on the precise same allegations of sexual harassment and retaliation that form the basis for her federal claims against DT Interpreting. Because her state law claims clearly derive from the same common nucleus of operative facts as her federal claims, supplemental jurisdiction over the state claims is warranted.

For the reasons set forth above, Stauffer's Motion to Dismiss (Doc. 23) will be granted in part and denied in part. Plaintiff's Title VII claim (Count I) against Stauffer will be dismissed with prejudice. However, Stauffer's Motion to Dismiss will be denied as to the state law claims set forth in Count II (PHRA) and Count III (intentional infliction of emotional distress).

IT IS SO ORDERED.

October 8, 2015     s/ Cathy Bissoon
                    Cathy Bissoon
                    United States District Judge

cc (via ECF email notification):

All counsel of record