# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE ROBINSON,           )
                             )
         Plaintiff,          )
                             )   Civil Action No. 15-280
    v.                       )
                             )   Judge Cathy Bissoon
DT INTEPRETING, *et al.*,    )
                             )
         Defendants.         )
                             )

## MEMORANDUM ORDER

For the reasons below, Plaintiff's Motion for Substitution of Bankruptcy Trustee as Plaintiff/Real Party-In-Interest (Doc. 57) will be **GRANTED** and Defendant's request for discovery will be **DENIED**.

## BACKGROUND

Due to the lengthy factual and procedural history in this matter, the Court will recite only those facts that are material to its decision on Plaintiff's Motion.

Plaintiff initiated this suit against Defendants for employment discrimination on February 27, 2015 (Doc. 1). After proceedings were underway, on March 11, 2016, Defendants filed a Motion for Leave to Amend Answer with a supporting brief (Docs. 40, 41). Defendants sought leave to raise the defense of judicial estoppel based on their discovery of Plaintiff's prior bankruptcy proceeding,[1] which was closed on February 25, 2015, and in which Plaintiff did not disclose her pre-petition EEOC charge against Defendants. In light of Defendants' Motion, Plaintiff moved to stay the case on March 16, 2016 (Doc. 43) in order to reopen the bankruptcy

---

[1] In re Michelle M. Robinson, No. 14-23943-CMB (Bankr. W.D. Pa.).

proceedings, appoint counsel for the bankruptcy estate, and properly disclose Plaintiff's claims against Defendants in the bankruptcy proceedings. In Plaintiff's request for a stay, Plaintiff asserted that her "employment discrimination action is not an asset that belongs to her, but instead an asset that belonged to the bankruptcy estate . . . [a]s such, the bankruptcy trustee is the real party in interest." (Motion to Stay Case and Related Deadlines, ¶¶ 9-10 (Doc. 43).) The Court ultimately granted Plaintiff's Motion to Stay (Doc. 52) on April 4, 2016. Following Plaintiff's reopening of bankruptcy proceedings and appointment of counsel for the estate, Plaintiff moved to reopen this case on August 1, 2017 (Doc. 53). The Court reopened this case and issued an Order (Doc. 56) establishing deadlines for a motion to substitute and a response. Plaintiff timely filed her Motion to Substitute (Doc. 57) on August 18, 2017 and Defendant timely responded in opposition on August 25, 2017 (Doc. 61). Plaintiff's Motion is ripe for the Court's disposition.

**ANALYSIS**

The parties agree that Plaintiff is not the real party in interest and that dismissal would be required if the Court were to deny Plaintiff's Motion to Substitute. (See Defendant's Brief in Opposition, p. 4 (Doc. 61); Plaintiff's Brief in Support, p. 3 (Doc. 57).) Defendant, however, argues that Plaintiff's Motion to Substitute can be granted only if Plaintiff establishes that she made "an honest and understandable mistake" in initially bringing this action in her own name. To the contrary, Defendant's theory is that Plaintiff made a deliberate attempt to avoid disclosing this claim in bankruptcy and then sought counsel immediately after the close of bankruptcy proceedings so that she could avoid creditors' claims to her possible award. The case of Feist v. Consolidated Freightways, 100 F. Supp. 2d 273 (E.D. Pa. 1999), is central to Defendant's argument. The Feist court held, under facts similar to those here, that the lack of an "honest

mistake" in bringing an action in one's own name, rather than in the name of the bankruptcy trustee as the real party in interest, is fatal to a later attempt to substitute the bankruptcy trustee. 100 F. Supp. 2d at 280.

Under Federal Rule of Civil Procedure 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." After Defendant's initial objection noting Plaintiff's bankruptcy proceeding, the Court has allowed a reasonable time for substitution and Plaintiff has timely moved for substation. The only remaining question is whether the factual circumstances of this case should prevent the Court from substituting the real party in interest, thus warranting dismissal.

Although the Feist court focused its analysis on whether Plaintiff had demonstrated good faith and honest intent, more recent cases have focused their analyses on creditors' interests— even when there are doubts about the existence of an "honest mistake" by Plaintiff in the original filing. See Killmeyer v. Oglebay Norton Co., 817 F. Supp. 2d 681, 690 (W.D. Pa. 2011) (citing Feist disapprovingly and noting that "courts using [Rule] 17(a) to fashion equitable relief . . . also may consider less drastic alternatives than dismissal to prevent injustice, including injustice to creditors in bankruptcy"); Saellam v. Norfolk S. Corp., 2007 U.S. Dist. LEXIS 41150, at *12-*13 (W.D. Pa. Jun. 6, 2007) (following discussion of plaintiff's failure to notify the bankruptcy court of his EEOC charge, the court found: "The fact that Plaintiff lacks standing, however, does not mean that I must dismiss this action. Rather [Rule] 17(a) permits the trustee in bankruptcy to be substituted as the named plaintiff.").

The Court will follow this trend, which focuses on the interests of creditors in bankruptcy as well as the existence of an "honest mistake" in the original filing. Considering both factors, the Court finds that Plaintiff's Motion and the underlying facts are sufficient to warrant substitution. First, any recovery in this litigation would go toward Plaintiff's creditors' claims (currently $12,872.73) before going to Plaintiff. Defendants' argument that this would be unfair to creditors who failed to file petitions in the prior bankruptcy proceedings is nonsense; Plaintiff's creditors would certainly be worse off given dismissal than they would be with possible access to Plaintiff's recovery. Second, Defendants' evidence concerning Plaintiff's bad faith is circumstantial.[2] The Court has already found that "[d]espite Defendants' contention, there is no evidence to support the allegation that Plaintiff's lawyers conspired in an attempted fraud on the judicial system." (Order Granting Stay, Doc. 52.) As soon as Defendants brought the prior bankruptcy proceeding to the attention of Plaintiff's counsel, the record reflects that Plaintiff's counsel promptly responded and moved the bankruptcy court to reopen proceedings so that the employment discrimination claim could be considered part of the bankruptcy estate.

\* \* \*

For these reasons, Plaintiff's Motion for Substitution of Bankruptcy Trustee as Plaintiff/Real Party-In-Interest (Doc. 57) is **GRANTED** and Defendant's request for discovery on issues related to substitution is **DENIED**. Consistent with Federal Rule of Civil Procedure 25(c), Plaintiff is **ORDERED** to serve Jeffrey J. Sikirica, the Chapter 7 Trustee for the

---

[2] Defendants seek to conduct discovery on issues related to Plaintiff's intent when she failed to disclose the EEOC claim in bankruptcy and then filed this action in her own name. While it is impossible to know what additional discovery would reveal about Plaintiff's intentions, the burden of this discovery on the parties and the Court at this stage of the litigation is disproportionate to the likely benefit, especially given this Court's emphasis on the interests of creditors rather than Plaintiff's intent. See Fed. R. Civ. P. 26(b)(1). Accordingly, the Court finds that discovery on these issues is unwarranted and Defendants' request is denied.

Bankruptcy Estate of Michelle M. Robinson, with Plaintiff's Motion (Doc. 57) and a copy of this Memorandum Order. Upon the filing of proof of service, the Court will order such substitution.

IT IS SO ORDERED.


January 19, 2018                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge


cc (via ECF email notification):

All counsel of record